IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ROBERT A. HARVILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4046-CV-C-NKL |
| | ) | |
| PETTIS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On March 11, 2008, defendant Brett Kaiser, a Missouri Public Defender, filed a motion to dismiss the 42 U. S. C. § 1983 claims which were brought against him. Plaintiff did not respond in opposition to dismissal or to the court's order of April 15, 2008, directing him to show cause why the motion should not be granted. Thus, plaintiff does not appear to oppose dismissal of his claims against defendant Kaiser.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The requirement that a defendant has acted "under color of state law" is a jurisdictional requisite for a section 1983 action. Polk County v. Dodson, 454 U.S. 312, 315 (1981).

The traditional definition of acting under color of state law requires the defendant to have exercised power "possessed by virtue of state law and made possible only because the

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Polk County, 454 U.S. at 317-18.

In Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982), the Court made clear that if a defendant's conduct satisfies the state action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under section 1983." West, 487 U.S. at 49.

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the state . . . or by a person for whom the state is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937-38. The determination whether a party acted under color of state law is "necessarily a fact-bound inquiry," id. at 939, that requires the court to sift facts and weigh circumstances. Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961). See also Evans v. Newton, 382 U.S. 296, 299 (1966).

The conduct of retained or appointed counsel, in representing clients, does not constitute action under color of state law. Bilal v. Kaplan, 904 F.2d 14 (8th Cir. 1990); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974); see also Eling v. Jones, 797 F.2d 697, 699 (8th Cir. 1986). In Polk County, 454 U.S. at 325, the Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." In this capacity, a public defender differs from the typical governmental employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including his "professional independence," which the state is constitutionally obliged to respect. Id. at 321-22. The Court concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of section 1983 because he "is not acting on behalf of the State; he is the State's adversary." Id. at 323 n.13.

In this case, plaintiff's claim against defendant Kaiser relates to Kaiser's representation of plaintiff in criminal proceedings. Under Polk County, defendant was not acting under color of state law in that role. Further, plaintiff has not pled facts to suggest a meeting of the minds

and his conclusory allegation of a possible conspiracy is insufficient to state a claim for which relief can be granted.

For these reasons, and in the absence of opposition from plaintiff, it is

RECOMMENDED that defendant Kaiser's motion be granted and plaintiff's claims against defendant Kaiser be dismissed for failure to state a claim against him. [3]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge