# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ROBERT A. HARVILLA, )
)
        Plaintiff, )
)
        v. ) No. 08-4046-CV-C-NKL
)
PETTIS COUNTY SHERIFF'S )
DEPARTMENT, et al., )
)
        Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Robert Harvilla initially filed this suit on January 14, 2008, in the Circuit Court of Pettis County, Missouri. He claims he was unlawfully detained in the Pettis County jail for 13 days, and while there, he was denied adequate access to legal materials. The case was removed to federal court in March 2008, and the claim against defendant Brett Kaiser was dismissed.[1]

Defendants Pettis County, Kevin Bond, Jennifer Dickman and Jeff Mittlehauser request the entry of summary judgment in their favor. In their motion, defendants assert (1) plaintiff cannot provide evidence that the alleged unconstitutional treatment was caused by an official policy or custom, (2) plaintiff had meaningful access to the courts, (3) they are entitled to qualified immunity, and (4) the prosecutors have absolute immunity from suit.

Plaintiff responded to the motion and does not challenge defendants' assertion of the facts. He still asserts he was denied due process when defendants continued his detention, but concedes he had constitutionally adequate access to the courts and legal materials. He also concedes the prosecutors have immunity, but challenges judgment based on qualified immunity to the Pettis County Sheriff's Department and officials.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

## Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

As an initial matter, plaintiff concedes his claim for access to the courts may be dismissed because he had constitutionally adequate access to legal materials and his attorney. Inmates have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Nevertheless, to prevail, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis v. Casey, 518 U.S. 343, 353 (1996). During his time of detention, plaintiff Harvilla was represented by counsel, and thus had a reasonable

opportunity to present his claims.  Further, he has not alleged facts indicating he was actually prejudiced in any case.  Accordingly, he was not denied access to the courts.  See Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007) (no denial of access to the courts when represented by counsel, even though there were limits on plaintiff's access to prison library).

Secondly, plaintiff acknowledges that prosecutors have absolute immunity from civil suit for actions associated with their prosecutorial duties.  Defendants Dickman and Mittelhauser were employed as prosecutors for Pettis County, and were acting within the scope of their employment for the events relevant to plaintiff's complaint.  In Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), the Supreme Court stated that a prosecutor is absolutely immune from a suit for damages under 42 U.S.C. § 1983 for alleged civil rights violations committed in initiating the prosecution and presentation of the state's case.  Thus, defendants Dickman and Mittelhauser are entitled to summary judgment.

The two remaining defendants are the Pettis County Sheriff's Department and Kevin Bond, the Pettis County Sheriff.  As a general rule, a sheriff's department is not a person within the meaning of section 1983, and lacks a legal identity subject to suit under Missouri law.  See Simon v. St. Louis County Police Dept. 14 F.E.P. 1363 (E.D. Mo. 1977).  Defendants, however, have treated plaintiff's complaint as one against Pettis County.

Local governmental units, such as a city or county, are included among those to which section 1983 applies.  Monell v. Department of Soc. Serv. of City of N.Y., 436 U.S. 658, 690 (1978).  However, liability of a municipality under section 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability against a local governmental unit cannot be based upon a respondeat superior theory.  Id. at 691.  In order to establish liability of a municipality under Monell, the plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."  Id. at 694.  See also St. Louis v. Praprotnik, 485 U.S. 112 (1988); Jett v. Dallas Indep. School Dist., 491 U.S. 701 (1989).  Thus, plaintiff must allege facts indicating that the municipal defendants were acting pursuant to official municipal policy in order to state a claim under section 1983 against the municipality.

Here, plaintiff has not identified an official policy or custom that violated his constitutional rights. Plaintiff states he does not contest that he was properly arrested, only that he was properly detained. He does not dispute the facts that a criminal complaint was filed timely after his arrest, he was taken before a judge, and bail was set. Plaintiff was unable to post the bond for his bail. Fourteen days later, bail was reduced, and the following day, he posted a bond and was released. Plaintiff's arrest was based upon an out-of-state warrant, and he was charged in Pettis County with being a fugitive from justice.

In the absence of an allegation or some evidence that the county or the sheriff had a custom or policy of improperly detaining individuals awaiting extradition, defendants Pettis County and Bond, in his official capacity, are entitled to summary judgment. "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (quoting Monell v. Department of Social Services, 436 U.S. 658 (1978)).

Finally, defendants assert the law enforcement defendants are entitled to summary judgment because they are shielded from suit by qualified immunity.

Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln, 816 F.2d 1254 (8th Cir. 1987). Governmental employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the Court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. at 201. The Court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

When a constitutional violation has not occurred, the qualified immunity analysis ends at step one because plaintiff's claim fails as a matter of law. Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007).

Here, the record discloses that the law enforcement officials were detaining plaintiff at the jail pending his posting of bond after bail had been set by a judge. Thus, they were acting in good faith, in accord with Missouri law, and no constitutional violation occurred.

For these reasons, it is

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 5th day of November, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge